TIMOTHY VANDERVERE,

                              Plaintiff,

        v.                                                    Case No. 25-cv-1598-pp

JORDAN LEWIS, *et al.*,

                              Defendants.

## ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

Plaintiff Timothy Vandervere, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. He has paid the full filing fee. This decision screens the complaint. Dkt. No. 1.

## I.    Screening the Complaint

### A.    Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him or her of a right secured by the Constitution or the laws of the United States, and that whoever deprived him or her of this right was acting under the color of state law. <u>D.S. v. E. Porter Cnty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    <u>The Plaintiff's Allegations</u>

The plaintiff sues Kettle Moraine Health Services Manager Jordan Lewis, Dr. Tommy Onjukka and Dr. Christopher Rauch. Dkt. No. 1 at 1. He alleges

2

generally that the defendants have deprived him of proper dental care in a timely manner which has caused him significant pain and discomfort. Id. at 2. The plaintiff says that he filed several inmate grievances regarding his dental issues, and his complaint describes these grievances.

First, the plaintiff states that he submitted KMCI-2025-3351 in which he complained of untimely dental care. Id. The plaintiff states that Lewis sent him to see unqualified nursing staff to triage his dental needs. Id. at 3. This allegedly delayed the plaintiff receiving the treatment he needed. Id. The plaintiff states that he was initially placed on the routine wait list on October 25, 2023, and he submitted KMCI-2025-3351 in March 2025 after not receiving the treatment he needed. Id. Onjukka allegedly knew the plaintiff needed treatment because during the delay he examined the plaintiff and cleaned his teeth. Id. The plaintiff states that the defendants did not properly treat and assess him until he filed KMCI-2025-3351. Id.

Second, the plaintiff states that he submitted KMCI-2025-4240. Id. He says he filed this grievance against Onjukka and Lewis "for failing to follow DAI." Id.

Third, the plaintiff states that he submitted KMCI-2025-6143. Id. The plaintiff says that in March 2025, Onjukka failed to properly screen him for pain under DAI 500.40.02 pain protocol chart. Id. Onjukka and Lewis allegedly failed to follow protocol to have the plaintiff screened in a timely manner. Id. at 4. The plaintiff says that he was classified based on old exams and X-rays from 2023 as well as an oral exam from 2024. Id. The plaintiff states that due to

3

Onjukka and Lewis ignoring the policy they subjected him to further pain and discomfort. Id.

Fourth, the plaintiff submitted KMCI-2025-5004. Id. at 5. It appears that this complaint dealt with the issue of the delay in being seen after the plaintiff was placed on the routine wait list. Id. The plaintiff states that he was finally treated for his routine wait list issue the day after the inmate complaint was dismissed. Id. Lewis and Onjukka allegedly did not follow policy and did not allow treatment for the plaintiff's ongoing pain that began on October 25, 2023. Id.

Fifth, the plaintiff submitted KMCI-2025-6143. Id. In this grievance, the plaintiff said that Rauch failed to fill his dental needs in a timely manner which forced him to again wait for an extreme period on a routine wait list for fillings from the October 25, 2023 classification. Id. at 6. He allegedly was subjected to a prolonged wait for fillings. Id.

Sixth, the plaintiff submitted complaint KMCI-2025-6621 for failure to be seen in a timely manner for an essential wait list classification. Id. The plaintiff states that this complaint was affirmed but then was dismissed. Id. Lewis allegedly is responsible for this classification. Id. at 6. Lewis allegedly failed to classify and have the plaintiff seen in a timely manner for the essential wait list classification from March 5, 2025. Id. The plaintiff says that the appointment on April 25, 2025 was for the routine wait list assessment from October 25, 2023. Id. This "poorly organized system" allegedly resulted in another missed wait list time and delayed care for the plaintiff. Id. at 6-7.

4

The plaintiff claims that the defendants violated his constitutional rights based on the delay he experienced in treatment for his dental needs. Id. at 7-8. He also claims that the defendants violated DOC policy and maintained a poorly organized system which resulted in the violation of the plaintiff's rights. Id. For relief, the plaintiff seeks monetary damages, injunctive relief and declaratory relief. Id. at 9-10.

C.      Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). "This principle applies equally to dental care." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (citing Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Cesal, 851 F.3d at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that either has been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id.

5

(citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an incarcerated individual's pain. <u>McGowan</u>, 612 F.3d at 640 (citing <u>Estelle</u>, 429 U.S. at 104-05.

The plaintiff's complaint is hard to follow because it focuses on the administrative grievances he submitted and the defendants' alleged failure to follow policies and procedures. A violation of state laws, regulations or policies is not a basis for a federal civil rights case. <u>See</u> <u>Williams v. Mierzejewski</u>, 401 F. App'x 142, 144 (7th Cir. 2010) (citing <u>Guajardo-Palma v. Martinson</u>, 622 F.3d 801, 806 (7th Cir. 2010); <u>Domka v. Portage County, Wis.</u>, 523 F.3d 776, 784 (7th Cir. 2008)). The defendants' alleged violation of a policy or procedure does not necessarily mean that they violated the plaintiff's constitutional rights.

But construed liberally, the plaintiff alleges that he suffered significant delay in obtaining dental care and that the delay caused him harm. He states that he was placed on the routine dental wait list in 2023, but that he was not seen for dental fillings for about a year and a half. And he alleges that the defendants were responsible for the delay in treatment. The plaintiff may proceed on Eighth Amendment claims against the defendants in their individual capacities.

## II.    Conclusion

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been

6

electronically transmitted to the Wisconsin Department of Justice for service on defendants Jordan Lewis, Tommy Onjukka and Christopher Rauch. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 (sixty) days.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the case.

The court advises that if the plaintiff fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on the plaintiff's failure to diligently pursue it. The parties must

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

7

notify the Clerk of Court of any change of address. The court advises that it is the plaintiff's responsibility to promptly notify the court if released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of the plaintiff's address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting the case.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

8